**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30016 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00160-TSZ-1 |
| v. | |
| RAYMOND EARL DEVORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 17, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Appellant Raymond Devore is a registered sex offender who committed additional offenses while being supervised at a state-run facility. Following a bench trial, the district court found Appellant guilty of one count each of distribution, receipt, and attempted production of child pornography, one count of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enticement of a minor, and two counts of possession of child pornography. At the initial sentencing hearing, the district court applied a multiple-conviction enhancement based on Devore's prior state offenses. The enhancement required a minimum thirty-five year term of imprisonment. The district court noted that thirty-five years was a long time, but reluctantly imposed that term.

On appeal, we reversed the district court's holding that Appellant's prior state court convictions included an element of production of child pornography. Because the prior convictions did not include an element of production of child pornography as the district court had originally believed, we remanded for resentencing.

At resentencing, the parties agreed that a statutory sentencing range of fifteen to thirty years applied under the Sentencing Guidelines. Devore requested a fifteen-year term of imprisonment, but the government recommended a thirty-year term. The district court agreed that the applicable Sentencing Guideline range was fifteen to thirty years, and sentenced Appellant to a term of twenty years followed by a lifetime of supervised release. In addition to the standard conditions, the district court imposed sixteen Special Conditions of Supervised Release ("Special Conditions"). Appellant challenges the district court's imposition of Special Conditions 7 and 9.

Because Appellant did not object to either of the Special Conditions before the district court, we review for plain error. *See United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008). Under the plain error standard, relief is warranted if there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

As to Special Condition 7, Appellant argues that the district court committed procedural error because it imposed the condition without explanation and committed substantive error because the condition is not reasonably related to the goals of supervised release, does not bear a reasonable relation to the crime Appellant committed, and deprives him of more liberty than is reasonably necessary. Appellant's arguments fail under plain error review.

Devore's substantive challenge to Special Condition 7, which prohibits him from viewing sexually explicit material featuring adults as well as children, fails because the condition is "reasonably related" to his offense of conviction, his history and characteristics, and the purposes of supervised release. *See United States v. Gnirke*, 775 F.3d 1155, 1161 (9th Cir. 2015). In particular, the record shows that the district court could reasonably have been concerned about Devore's consumption of sexual content featuring adults leading to additional offenses involving children, as at trial he argued that he believed his minor victims were of

3

age. *See United States v. Rearden*, 349 F.3d 608, 619–20 (9th Cir. 2003) (upholding a nearly identical condition under similar circumstances); *United States v. Daniels*, 541 F.3d 915, 927–28 (9th Cir. 2008) (same).

Devore's procedural challenge to Special Condition 7 fails because: (1) the record, specifically the information about Devore's criminal history, provides strong support for imposing a condition prohibiting him from viewing sexually explicit content, and (2) we have previously held that access to sexual content featuring adults is not such a "significant liberty interest" that a sentencing court must explicitly address its reasons for imposing conditions infringing on that right. *See Gnirke*, 775 F.3d at 1160 (cleaned up).

As to Appellant's challenge to Special Condition 9, in light of our recent decision in *United States v. Wells*, 29 F.4th 580 (9th Cir. 2022), the parties agree that we should vacate. We hold that remand is proper and, in light of *Wells*, we vacate and remand Special Condition 9 for the district court to clarify which "electronic devices" are prohibited under Special Condition 9.

Appellant's final challenge is that the district court's written Statement of Reasons from the resentencing hearing includes a clerical error. In the Statement of Reasons, the district court wrote that the applicable Sentencing Guidelines range was "Life." However, at the resentencing hearing, the court determined that Appellant had a Guidelines range of fifteen to thirty years. This error appears to be

4

purely clerical as the district court's calculation and oral pronouncement of Appellant's sentence were proper. None of Appellant's rights were affected. However, because we remand for further consideration of Special Condition 9, we also remand for the purpose of correcting the harmless clerical error.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**